022012fN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TERESA M. BOWDEL,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>        Defendant. | No. 11-22 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability benefits. Briefing concluded October 25, 2011. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of March 25, 2007, plaintiff alleges disability due to reflex sympathetic dystrophy in both hands. She asserts the ALJ failed to properly evaluate the opinion of her treating physician, failed to fully and fairly develop the record by failing to obtain work-related mental limitations from a treating or examining source, and failed to properly consider her subjective allegations. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence

in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review of the record as a whole, it is the court's view that the ALJ permissibly discounted the weight afforded a questionnaire completed by treating physician Dr. Parmet on April 7, 2009, due to substantial inconsistencies between the questionnaire and Dr. Parmet's clinical notes, and his opinions compiled over plaintiff's treatment history, including but not limited to adequate pain control, plaintiff's ability to work, her ability to lift and carry, Dr. Parmet's repeatedly and continuously releasing plaintiff to work with a fifteen pound weight restriction, and his indication that plaintiff's left arm pain rated "1" on a scale of "1-10." T. 16-17. Davidson v. Astrue, 578 F3d 838, 843 (8th Cir. 2009) (permissible for ALJ to discount treating physician opinion when inconsistent with physician's clinical treatment notes). Additionally, contrary to plaintiff's assertion, the record contains work-related mental limitations from an examining source, which was given significant weight by the ALJ, T. 15, 355-358, and the court is satisfied that the ALJ did not fail to fully and fairly develop the record. It is the court's further view that in considering plaintiff's subjective allegations, for the reasons set forth in his decision, the ALJ permissibly found plaintiff's activities of daily living to be inconsistent with the extent of plaintiff's allegations, as well as the testimony of plaintiff's witness. T. 17-19. Following properly supported vocational expert

testimony, including reference to a position that required no handling, fingering, and/or reaching with either arm, T. 51-52, the ALJ permissibly found plaintiff able to perform substantial gainful activity.

Upon the foregoing, and without minimizing the seriousness of plaintiff's impairments, the court finds the Commissioner's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

March 15, 2012.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT